NOTICE

Decision filed 10/17/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240852-U

NO. 5-24-0852

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| TRAVIS WADER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Macon County. |
| | ) | |
| v. | ) | No. 23-LA-85 |
| | ) | |
| MACON COUNTY, ILLINOIS and ILLINOIS DEPARMENT OF TRANSPORTATION, | ) | |
| | ) | Honorable |
| | ) | Robert C. Bollinger, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justice Sholar concurred in the judgment.
Justice Vaughan dissented.

**ORDER**

¶ 1    *Held*: The trial court erred in granting Macon County's motion to dismiss count I of the plaintiff's complaint with prejudice where Macon County failed to meet its initial burden to show that an affirmative matter barred or defeated the plaintiff's claim. The order dismissing count I of the complaint is reversed and the cause is remanded.

¶ 2    The plaintiff, Travis Wader, appeals from the circuit court's order granting defendant Macon County's motion to dismiss count I of his complaint with prejudice pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2022)). For reasons that follow, we reverse and remand.

1

¶ 3                                  I. BACKGROUND

¶ 4     On October 12, 2020, at approximately 9:30 a.m., the plaintiff was a passenger in a vehicle traveling east on County Highway 30 approaching its intersection with U.S. Highway 51. As the plaintiff's vehicle entered the intersection of County Highway 30 and U.S. Highway 51, it was hit by a large truck traveling south on U.S. Highway 51. The plaintiff sustained serious injuries as a result of the collision.

¶ 5     On September 20, 2023, the plaintiff filed a complaint against the defendants, Macon County and the Illinois Department of Transportation (IDOT), in the circuit court of Macon County.[1] In count I, the plaintiff alleged that Macon County breached its duty to the plaintiff to maintain its property in a reasonably safe condition pursuant to section 3-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-102 (West 2022)). More specifically, the plaintiff alleged that Macon County breached its duty to maintain the approach to U.S. Highway 51, along eastbound County Highway 30 (Elwin Road),[2] in a reasonably safe manner in that (a) the approach was inadequately signed to warn travelers of the upcoming stop sign at the intersection, (b) the approach contained foliage and other road signs that obstructed the stop sign at the intersection, and (c) Macon County failed to maintain the light on the stop sign at the intersection of County Highway 30 and U.S. Highway 51. The plaintiff further alleged that Macon County had actual or constructive notice of the aforementioned

_____

[1]The plaintiff filed a prior negligence complaint against Macon County, regarding this same accident. Pursuant to the agreement of the parties, the action was voluntarily dismissed without prejudice on September 30, 2022, after Macon County provided information indicating IDOT was responsible for the intersection. Plaintiff then filed an action against IDOT in the Illinois Court of Claims. During the pendency of those proceedings, IDOT produced documents showing Macon County was responsible for maintaining the intersection and the stop sign at issue. Plaintiff obtained a stay of the proceedings in the Court of Claims and filed the pending action in the circuit court of Macon County.
[2]County Highway 30 is also referred to as Elwin Road in the pleadings. For consistency and to avoid confusion, we will refer to Elwin Road as County Highway 30 in this order.

conditions within a reasonable time prior to the accident to have remedied or protected against those conditions. The plaintiff claimed he sustained serious injuries as a direct and proximate result of Macon County's breach of its duty, including a skull fracture, a subarachnoid hemorrhage, a traumatic brain injury, respiratory failure secondary to trauma, and pulmonary contusions. He sought compensatory damages for medical expenses, pain and suffering, and posttraumatic stress.

¶ 6    The complaint included a second count against Macon County and IDOT. In count II, the plaintiff sought a declaratory judgment seeking resolution of which entity was responsible for the care, control, and maintenance of the flashing light on the stop sign at issue and the eastbound approach to U.S. Highway 51 along County Highway 30 on the date of the accident.

¶ 7    On March 25, 2024, Macon County filed a motion to dismiss the plaintiff's complaint with prejudice pursuant to section 2-619(a)(9) of the Code. As to count I, Macon County alleged the plaintiff's claim was barred by an affirmative matter—the Tort Immunity Act (745 ILCS 10/1-101-210 (West 2022)). Macon County asserted that it did not own or control the subject intersection, that it was not responsible for the location or installation of the stop signs on County Highway 30, and that the "stop ahead signs" on County Highway 30 in advance of the stop sign at issue had been in place for more than 50 years. Citing section 2-105 of the Tort Immunity Act (745 ILCS 10/2-105 (West 2022)), Macon County claimed that because it did not own or control the intersection or place the signage, it could not be liable for an inadequate or a negligent inspection of any property other than its own. Macon County also claimed there was no evidence that the flashing beacon on top of the stop sign at issue was not operational at the time of the accident. In addition, Macon County argued that the plaintiff offered no facts or evidence to show it had actual or constructive notice of a condition that was not reasonably safe, and that without any facts or evidence of actual or constructive notice, the plaintiff's negligence claim was barred under the

3

Tort Immunity Act. Macon County also sought dismissal of count II of the complaint, arguing that the plaintiff lacked standing to pursue a declaratory judgment because there was no actual controversy between Macon County and IDOT.

¶ 8 In support of the motion to dismiss, Macon County filed a declaration from its county engineer, Bruce Bird. Therein, Bird averred that IDOT was responsible for the placement of signs on all state highways and their intersecting roadways, including the intersection of U.S. Route 51 and County Highway 30, and that Macon County had no responsibility for the installation and location of the stop signs on County Highway 30. In addition, Bird stated that in 1995, IDOT and Macon County entered into a "Letter of Understanding" regarding the installation of a flashing beacon system at the intersection of U.S. Route 51 and County Highway 30. The installation of the flashing beacon system was a part of the improvements to U.S. Route 51 and County Highway 30. According to Bird's declaration, the "Letter of Understanding" indicated that Macon County agreed to accept responsibility for the maintenance of the flashing beacon system. Bird stated that Macon County "regularly maintains" the flashing beacon system at U.S. Route 51 and County Highway 30, and that it "has no records of maintenance or repair requests that suggest the flashing beacons were not operational at the time of the accident." Bird further stated that "stop ahead signs are placed on County Highway 30 in advance of the U.S. Highway 51 stop sign and have been installed for more than 50 years."

¶ 9 A copy of the 1995 Letter of Understanding was attached to the Bird declaration. The Letter of Understanding provided, in pertinent part, that the State of Illinois, through IDOT, would install a flashing beacon system at the intersection of U.S. Route 51 and County Highway 30. The flashing beacon system consisted of flashing yellow beacons on the post mounted advance warning signs on U.S. Route 51 and flashing red beacons on the stop signs at County Highway 30. In exchange

4

for the installation of the flashing beacon system, Macon County agreed to accept 100% responsibility for the maintenance and the electrical energy of the system. The Letter of Understanding also provided:

"It is mutually agreed that the actual maintenance will be performed by the COUNTY, either with its own forces or through an ongoing contractual agreement.

It is further agreed that the flashing beacons shall be maintained to at least the Levels of Maintenance shown above and in the attached Exhibit A made a part hereof."

¶ 10    Exhibit A, entitled "Flashing Beacon Maintenance Provisions," was also attached to the Bird declaration. This document provided that the maintaining agency, Macon County, agreed to:

"1. Patrol the flashing beacon system on a regular basis and replace burned out lamps or damaged sockets as may be required.  All lamps should be replaced as frequently as experience proves necessary to prevent undue failures.  The reflector and lens should be cleaned each time a lamp is replaced.  All replacement lamps shall equal the wattage and type of the existing lamps.

2. Keep signal heads properly adjusted and in alignment.

3. Replace burned out fuses.

4. Clean reflectors, lenses, and lamps once every six (6) months.

5. Repaint all signal components exposed to weather on a regular basis.

6. Repair or replace any and all equipment damaged by any cause whatsoever.

7. Be responsible to make recovery for damage to any part of the systems from the party causing the damage.

8. Provide skilled maintenance personnel who will be available to respond without delay to emergency calls.  This may be provided by agency forces, contract,

5

or maintenance agreement. Lights out, or knockdowns at an intersection are considered emergencies.

9. Provide the DEPARTMENT the names, addresses, and telephone numbers of at least two persons who will be available for emergency repair of the flashing beacon system and keep the DEPARTMENT informed of any changes of same."

¶ 11    A copy of the resolution of the Macon County Board approving the Letter of Understanding was also included with the Bird declaration. The resolution provided in part:

"WHEREAS Macon County now desires to enter into a new letter of understanding with the State of Illinois Department of Transportation for the installation of a flashing beacon system at the intersection of US Route 51 with County Highway 30 in Elwin to replace the old system that was removed due to the US Route 51 improvements; and

WHEREAS in compliance with the aforementioned letter of understanding it is necessary for the County to agree to maintain the system installed by the State.

NOW, THEREFORE, BE IT RESOLVED BY THE MACON COUNTY BOARD THAT it hereby approves said letter of understanding with respective costs."

The resolution was unanimously passed by the Macon County Board on August 20, 1995.

¶ 12    The plaintiff filed a response in opposition to Macon County's section 2-619(a)(9) motion to dismiss. The plaintiff argued that his complaint sufficiently alleged that Macon County was responsible for maintaining the approach to the subject intersection and the flashing light above the stop sign at that intersection and that the flashing light above the stop sign at issue was not functioning at the time of the accident. The plaintiff also argued that while Macon County claimed it had no actual notice that the flashing light above the stop sign was not working, Macon County did not address constructive notice in its motion. In addition, the plaintiff reminded the trial court

6

that a section 2-619 motion to dismiss "admits all well-pleaded facts and the legal sufficiency of the complaint as true." The plaintiff claimed that Macon County, through its pleadings and supporting documents, was attempting to introduce facts to refute the factual allegations in the complaint, rather than establish an affirmative matter that barred plaintiff's complaint under section 2-619(a)(9). The plaintiff concluded that Macon County was seeking a summary judgment "under the guise" of a 2-619(a)(9) motion to dismiss.

¶ 13     The plaintiff attached an affidavit from his attorney in support of his motion in opposition to Macon County's motion to dismiss. Therein, plaintiff's attorney attested to an email he received from an IDOT claims manager on April 26, 2023. In the email, the IDOT claims manager stated that he was advised that "the intersection in question is under the maintenance responsibility of the Macon County Highway Department." The plaintiff also attached a copy of the Illinois Traffic Crash Report of the incident. In the crash report, the responding officer documented his observation that when he arrived on scene, "the red flashing beacon above the stop sign facing eastbound traffic was not functioning."

¶ 14     In reply, Macon County argued that the plaintiff failed to offer admissible evidence to show that Macon County controlled the intersection of County Road 30 and U.S. Route 51. Macon County also argued that the plaintiff failed to plead any facts regarding actual or constructive notice of a condition at the intersection that was not reasonably safe. Macon County referenced the traffic crash report offered by the plaintiff and argued that the responding police officer's observation that the flashing beacon system was not working at the time of the accident was hearsay. Macon County claimed that the plaintiff relied upon inadmissible hearsay in the traffic crash report to support its negligence claim. However, later in its reply, Macon County also referred to and relied upon other inadmissible hearsay statements in the traffic crash report. Macon County noted that

7

the responding officer indicated he called IDOT while at the crash site. During the call, an unidentified IDOT employee informed the officer that the flashing beacon system was inspected weekly, and that "the dysfunctional red flashing beacon system would have been functioning on the last inspection date of 10/12/2020."

¶ 15    On March 28, 2024, IDOT also filed a motion to dismiss count II pursuant to section 2-619(a)(1) of the Code (735 ILCS 5/2-619(a)(1) (West 2022)). IDOT argued that count II was barred by sovereign immunity under the State Lawsuit Immunity Act (745 ILCS 5/0.01 *et seq.* (West 2022)). IDOT also argued that under section 8 of the Court of Claims Act (705 ILCS 505/8 (West 2022)), the Court of Claims had exclusive jurisdiction over the plaintiff's claim against IDOT.

¶ 16    After considering the parties' pleadings and arguments, the trial court granted Macon County's motion to dismiss count I of the plaintiff's complaint with prejudice. In a written order, the trial court found that the plaintiff's complaint did not include "any well-pled factual allegations to establish that Macon County owned or controlled the intersection where the accident occurred or had any notice that the lights on the stop sign were in need of any type of maintenance." The court also found that the Bird declaration asserted that Macon County "neither maintained nor controlled the intersection" and established that Macon County had "no records of any maintenance or repair requests suggesting that the flashing beacons were not operational at the time of the accident." The court determined that the affirmative matter raised by Macon County negated the plaintiff's cause of action completely and that no affirmative matter raised by the plaintiff created a factual dispute for the trier of fact. The court concluded as a matter of law that "Macon County established that it did not own or control the intersection at issue which defeats Plaintiff's negligence action against Macon County." Having found there was no factual dispute

8

to preclude "summary adjudication," the court dismissed count I of the plaintiff's complaint with prejudice.

¶ 17 Regarding count II, the trial court found that given the dismissal of count I, there was no actual controversy and therefore the plaintiff lacked standing to pursue the declaratory judgment action. The court also found that the plaintiff's claim against IDOT could proceed in the Court of Claims. The court granted Macon County's motion to dismiss count II with prejudice and determined that IDOT's motion to dismiss was rendered moot by the ruling.

¶ 18                                    II. ANALYSIS

¶ 19 On appeal, the plaintiff contends the trial court erred in granting Macon County's motion to dismiss count I of the complaint with prejudice pursuant to section 2-619(a)(9) of the Code. The plaintiff claims that his complaint contained well-pled factual allegations of negligence against Macon County, and that Macon County did not establish an affirmative matter that barred the plaintiff's claim but instead presented arguments more appropriate for summary judgment. The plaintiff asks this court to vacate the order dismissing his negligence claim against Macon County and to remand the case for further proceedings. The plaintiff did not appeal from that portion of the trial court's order dismissing count II of the complaint, and so we will not consider that ruling.

¶ 20 Section 2-619(a)(9) provides that a defendant may file, within the time for pleading, a motion to dismiss a cause of action on the ground that the claim is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022). The purpose of section 2-619(a)(9) is to dispose of issues of law and easily proved issues of fact at the outset of the litigation. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003); *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 31.

9

¶ 21 A motion to dismiss under section 2-619(a)(9) admits the legal sufficiency of the complaint and asserts that an affirmative matter outside the complaint bars or defeats the cause of action against the defendant. *Van Meter*, 207 Ill. 2d at 367; *Reynolds*, 2013 IL App (4th) 120139, ¶ 31. An affirmative matter is a type of defense that negates a cause of action completely or refutes critical conclusions of law or conclusions of material fact that are unsupported by allegations of specific facts contained in or inferred from the complaint. *Reynolds*, 2013 IL App (4th) 120139, ¶ 33. An affirmative matter is not simply evidence upon which the defendant expects to contest essential elements of the plaintiff's cause of action. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 121 (2008). The affirmative matter must be either apparent on the face of the complaint or supported by affidavits or other evidentiary materials, and it must do more than refute a well-pleaded fact in the complaint. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997). Section 2-619(a)(9) does not authorize a defendant to submit affidavits or other evidentiary matters for the purpose of contesting the plaintiff's factual allegations and presenting its own version of the facts. *Reynolds*, 2013 IL App (4th) 120139, ¶ 34.

¶ 22 The defendant has the initial burden to establish that an affirmative matter bars or defeats the plaintiff's claim. *Epstein*, 178 Ill. 2d at 383. If the defendant satisfies the initial burden of going forward on the section 2-619(a)(9) motion to dismiss, then the burden shifts to the plaintiff to demonstrate that the proffered affirmative matter is either "unfounded or requires the resolution of an essential element of material fact before it is proven." *Epstein*, 178 Ill. 2d at 383 (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993)). The plaintiff may satisfy the shifted burden by presenting affidavits or other proof. 735 ILCS 5/2-619(c) (West 2022).

¶ 23 When ruling on a section 2-619(a)(9) motion, the trial court must accept as true all well-pleaded facts in the plaintiff's complaint and all reasonable inferences that may be drawn

10

therefrom, and the court must construe the pleadings and supporting documents in a light most favorable to the nonmoving party. *Reynolds*, 2013 IL App (4th) 120139, ¶ 31 (citing *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55). The motion should be granted only if the plaintiff can present no set of facts that would support his cause of action. *Reynolds*, 2013 IL App (4th) 120139, ¶ 31 (citing *Synder v. Heidelberger*, 2011 IL 111052, ¶ 8). A motion to dismiss under section 2-619(a)(9) presents a question of law that is reviewed *de novo*. *Van Meter*, 207 Ill. 2d at 368. *De novo* review means that the reviewing court performs the same analysis that the trial court performed, without deference to the trial court. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 24 In its written order, the trial court recited the procedural rules for a section 2-619(a)(9) motion but then failed to follow them. Rather than considering whether Macon County satisfied its initial burden to show that the plaintiff's claim was barred under the Tort Immunity Act, the trial court first considered the legal sufficiency of the plaintiff's complaint, effectively transforming the section 2-619(a)(9) motion into a motion to dismiss for failure to plead sufficient facts to state a cause of action under section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)).[3]

¶ 25 Illinois requires fact pleading and a plaintiff must allege sufficient facts to state a legally recognized cause of action. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429-30 (2006). To state a cause of action for negligence, the complaint must allege sufficient facts to establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately caused by the breach. *Marshall*, 222 Ill. 2d at 430. Whether a duty exists in a particular case is a question of law for the court to decide. *Marshall*, 222 Ill. 2d at 430. Whether the defendant breached the

---

[3]A motion to dismiss under section 2-615 questions whether "the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted." *Reynolds*, 2013 IL App (4th) 120139, ¶ 25.

duty and whether the breach proximately caused the plaintiff's injuries are factual matters for a jury to decide, provided there is a genuine issue of material fact regarding those issues. *Marshall*, 222 Ill. 2d at 430.

¶ 26    In count I of the complaint, the plaintiff specifically alleged that under section 3-102 of the Tort Immunity Act, Macon County had a duty to maintain the approach to the intersection of County Highway 30 and U.S. Route 51 as well as the light on the stop sign at that intersection, that Macon County breached its duty, and as a result, the plaintiff was seriously injured in an accident at the intersection. The plaintiff further alleged that Macon County had actual or constructive notice of the conditions within a reasonable time prior to the accident to have remedied or protected against those conditions. As will be discussed in more detail below, the plaintiff's theory of liability was not based on whether Macon County owned or installed the stop sign and "stop ahead" signs at the approach to the intersection, as alleged by Macon County, but rather, whether Macon County properly maintained the flashing light on the stop sign and the approach to the intersection. The record shows that the plaintiff alleged a specific duty under section 3-102 of the Tort Immunity Act, a breach of that duty, notice, and injuries proximately caused by the breach of duty. The plaintiff's complaint is not a model pleading. Nevertheless, the factual allegations in the complaint were sufficient to state a cause of action and to inform Macon County of the claim it was called upon to defend. Indeed, by filing its motion to dismiss pursuant to section 2-619(a)(9) of the Code, Macon County admitted the legal sufficiency of the plaintiff's complaint, and the trial court erred in finding otherwise.

¶ 27    The central question in this case was framed by Macon County when it filed its motion to dismiss under section 2-619(a)(9) of the Code. That question is whether Macon County met its initial burden to show that an affirmative matter barred the plaintiff's claim. Immunity under the

12

Tort Immunity Act is an affirmative matter that may be raised in a section 2-619 motion to dismiss. *Van Meter*, 207 Ill. 2d at 367. The Tort Immunity Act protects local public entities and their employees from liability arising out of governmental operations. *Van Meter*, 207 Ill. 2d at 368. The Tort Immunity Act is in derogation of the common law and is construed strictly against the public entity seeking immunity. *Van Meter*, 207 Ill. 2d at 368. Unless an immunity provision applies, a public entity is liable in tort to the same extent as a private party. *Van Meter*, 207 Ill. 2d at 368.

¶ 28 Section 3-102 of the Tort Immunity Act provides that a local public entity has a duty to exercise ordinary care to maintain its property in a reasonably safe condition for intended users and for reasonably foreseeable uses. 745 ILCS 10/3-102(a) (West 2022). However, a local public entity is not liable for injury "unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3-102(a) (West 2022). Section 3-102(b) provides that a public entity does not have constructive notice of a dangerous condition if it establishes either:

"(1) The existence of the condition and its character of not being reasonably safe would not have been discovered by an inspection system that was reasonably adequate ***; or

(2) The public entity maintained or operated such an inspection system with due care and did not discover the condition." 745 ILCS 10/3-102(b) (West 2022).

¶ 29 Here, the plaintiff alleged that pursuant to section 3-102(a) of the Tort Immunity Act, Macon County had a duty to maintain the light on the stop sign at the intersection of County Highway 30 and U.S. Route 51 as well as the approach to that intersection. In its section 2-

13

619(a)(9) motion to dismiss, Macon County asserted that it had immunity from liability under the Tort Immunity Act for three reasons: (1) Macon County did not own and was not responsible for the installation and location of the stop signs on County Highway 30, (2) the stop ahead signs were placed in advance of the U.S. Highway 51 stop sign and had been installed for more than 50 years, and (3) there was no evidence that the flashing beacons located on top of the stop signs were not operating at the time of the accident. Macon County also argued that there were no facts or evidence to place it on actual or constructive notice of an unsafe condition to prevent the application of the Tort Immunity Act. We consider each in turn.

¶ 30    Initially, Macon County asserted that the stop sign at issue was not the property of Macon County and that it was not responsible for the installation and location of that stop sign. Macon County argued that since it did not own or control the intersection or place the stop sign, it was immune from liability for an inadequate or a negligent inspection of any property other than its own, citing section 2-105 of the Tort Immunity Act. Here, however, the plaintiff did not allege that Macon County owned the stop sign at issue or that Macon County was responsible for the location and installation of the stop sign. Nor did the plaintiff allege that Macon County breached a duty owed under section 2-105 of the Tort Immunity Act. The plaintiff's theory of liability was based upon Macon County's duty to properly maintain the flashing light on the stop sign at issue under section 3-102 of the Tort Immunity Act. The Bird declaration and attached documents filed by Macon County supported the plaintiff's theory. The plaintiff's theory of liability was not based upon the ownership or the location of the stop sign. Thus, Macon County's assertion that it neither owned nor installed the stop sign had nothing to do with the plaintiff's claim that Macon County breached a duty to maintain the stop sign under section 3-102 of the Tort Immunity Act. Likewise, section 2-105 of the Tort Immunity Act, relied on by Macon County, was not relevant to the

14

plaintiff's claim. Accordingly, Macon County failed to establish a basis for the dismissal of the plaintiff's cause of action under section 2-619(a)(9).

¶ 31　The same reasoning applies to Macon County's assertion that it was entitled to immunity because the "stop ahead" signs located in advance of the U.S. Highway 51 stop sign had been installed for more than 50 years. Once again, the plaintiff's theory of liability was based upon Macon County's duty to properly maintain the approach to the intersection under section 3-102 of the Tort Immunity Act, and not on the location or installation of the "stop ahead" signs. Once again, Macon County's assertion of immunity under section 2-105 of the Tort Immunity Act—a section different than that pled by the plaintiff—was not relevant. Thus, Macon County's assertion that it was not responsible for the location and installation of the signage does not constitute an affirmative matter that would negate the plaintiff's cause of action against Macon County. Accordingly, Macon County failed to establish a basis for the dismissal of the plaintiff's claim under section 2-619(a)(9).

¶ 32　Finally, we consider the notice issue. The question of actual or constructive notice is ordinarily one of fact and becomes a question of law only if all of the evidence, when viewed in a light most favorable to the plaintiff, so overwhelmingly favors the public entity that no contrary verdict could ever stand. See generally, *Zameer v. City of Chicago*, 2013 IL App (1st) 120198, ¶ 12.

¶ 33　In this case, Macon County asserted that no evidence was offered to show that the flashing light on top of the stop sign was not operational at the time of the accident and that no facts or evidence showed that it had either actual or constructive notice of the conditions alleged in the plaintiff's complaint. Macon County offered the Bird declaration in support of this contention. In his declaration, Bird asserted that Macon County "has no records of *maintenance or repair*

15

*requests that suggest* the flashing beacons were not operational at the time of the accident" (emphasis added). It is important to recognize here that Macon County's own pleadings and supporting documents established that Macon County agreed to do more than simply await "requests" for repairs.

¶ 34    Macon County, through the Bird declaration and the documents attached thereto, admitted that it undertook a duty to maintain the flashing beacon above the stop sign at issue. The duty undertaken by Macon County was consistent with its statutory duty under the Tort Immunity Act "to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people" who were intended and permitted users. 745 ILCS 10/3-102(a) (West 2022).

¶ 35    The Bird declaration, the Letter of Understanding, and the Flashing Beacon Maintenance Provisions show Macon County undertook very specific duties as part of its agreement to maintain the flashing beacon system. In his declaration, Bird admitted that Macon County "regularly maintains the flashing beacon system at U.S. Route 51 and County Highway 30 (Elwin Street)." The Letter of Understanding shows that Macon County agreed that it would be "100% responsible" for maintenance of the flashing beacon system and that the system would be maintained to "at least the Levels of Maintenance" specified in the Letter of Understanding and the Flashing Beacon Maintenance Provisions. The duties specified in the Flashing Beacon Maintenance Provisions were set forth verbatim earlier in this order. Significantly, the first provision in that document required Macon County to "[p]atrol the flashing beacon system on a regular basis and replace burned out lamps or damaged sockets as may be required." It also required that "[a]ll lamps should be replaced as frequently as experience proves necessary to prevent undue failures." Macon County's maintenance duties included inspecting and maintaining the flashing beacon

16

system, replacing lamps and fuses, and repairing and replacing equipment damaged by any cause. "Lights out, knockdowns at an intersection" were considered emergencies. Thus, Macon County agreed to patrol the flashing beacon system on a regular basis, to undertake proactive and preemptive maintenance to prevent failures, and to provide skilled maintenance personnel to respond to emergency calls without delay. Macon County also accepted the duty to designate, in advance, the name of the person to be contacted if a light went out, as that was deemed an emergency. Despite all of the responsibilities that Macon County accepted as part of its duty to maintain the flashing beacon system and stop sign at issue, Macon County did not identify or produce its standards and protocols for "patrolling" and "inspecting" the flashing beacon system and stop sign. Nor did it produce any patrol, inspection or preventative maintenance logs. These types of documents would have been in the possession and control of Macon County, yet Macon County did not produce any such documents in support of its section 2-619(a)(9) motion to dismiss. As noted previously, the initial burden was on Macon County to allege an affirmative matter that would have defeated the plaintiff's claim, accepting the plaintiff's complaint as legally sufficient and true.

¶ 36    Whether the flashing beacon on the stop sign was working at the time of the accident is a question of fact raised in the plaintiff's complaint. The fact that Macon County had no records of "requests" for repairs is not an affirmative matter within the meaning of section 2-619(a)(9). An affirmative matter is something more than evidence offered to contest the factual allegations in the plaintiff's complaint. *Reynolds*, 2013 IL App (4th) 120139, ¶ 34. Here, the lack of *requests* for repairs is merely evidence offered to support Macon County's version of the facts and to refute the plaintiff's version of the facts. *Reynolds*, 2013 IL App (4th) 120139, ¶ 34. When a defendant seeks to attack the factual allegations in a complaint, the proper procedural tool is a motion for summary

17

judgment. *Reynolds*, 2013 IL App (4th) 120139, ¶ 34; *Barber-Colman Co. v. A and K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1072 (1992).

¶ 37    It is worth noting here that both parties referred to portions of the traffic crash report in their pleadings. In that report, the responding officer noted that he personally observed that the flashing light was not operational, and that when he called IDOT, he was advised that the red flashing beacons used at this intersection were "inspected weekly" and that "the dysfunctional red flashing beacon would have been functioning on the last inspection date 10/12/2020." While the traffic accident report contains hearsay and double hearsay, both parties relied upon the parts of the report that supported their respective arguments about whether the flashing light was operating at the time of the accident and whether Macon County had actual or constructive notice that the light was not operating. Again, this illustrates the parties were arguing over genuine issues of fact. Those types of disputes are not the focus of a section 2-619(a)(9) motion to dismiss and are more properly made in a motion for summary judgment.

¶ 38    Finally, we pause to address the dissent. At the outset, the dissent asserts that the majority "strays from" and "fails to address" the arguments that were presented in this appeal. The dissent then repeatedly claims that the majority addresses issues that were "neither raised nor argued by the parties." The contentions of the dissent are spurious, and the tone is lacking in civility and discernment. Once stripped of the coarse rhetoric and cut to the core, ironically, the dissent exposes more areas of alignment than disagreement with the majority's analysis.

¶ 39    For example, the dissent finds that the plaintiff's first argument on appeal, *i.e.*, that the trial court erred in dismissing the plaintiff's complaint with prejudice because the complaint was well-pled, was a "non-issue" under section 2-619(a)(9) of the Code. (*Infra* ¶ 50). Thus, the dissent agrees that the argument over whether the plaintiff pled sufficient facts to allege a cause of action

18

should have been irrelevant because the legal sufficiency of the complaint is admitted in section 2-619(a)(9) motion to dismiss. Given that the legal sufficiency of the complaint was admitted, the trial court erred in finding otherwise. The dissent further agrees that the Bird declaration admitted that Macon County had a duty to maintain the flashing light on the stop sign at issue and that the declaration did not negate the actual facts alleged in the plaintiff's complaint. (*Infra* ¶¶ 51, 52).

¶ 40    The dissent then chastises the majority for failing to address Macon County's contention that it was immune from liability because it did not own the stop sign, the "stop ahead" signage, or the intersection and because it was not responsible for the location and placement of the signage at issue. As noted earlier in our order, Macon County asserted that it was immune from liability under section 2-105 of the Tort Immunity Act—a section different than that pled by the plaintiff. Similar to the dissent's finding that the plaintiff's argument regarding the legal sufficiency of the complaint should have been a "non-issue," we find that Macon County's claim of immunity under section 2-105 should also have been a "non-issue." The plaintiff's theory of liability was based upon Macon County's breach of its duty to maintain the light on the stop sign and to maintain the approach to the intersection in a reasonably safe condition under section 3-102 of the Tort Immunity Act. Indeed, the dissent recognizes that the plaintiff's theory of the case was not based upon Macon County's ownership or placement of the signage, but then states: "It is exactly due to the fact that plaintiff *did not* make those allegations that Macon County's affidavit could not negate the alleged facts." (Emphasis in original.) While the dissent's logic is difficult to decipher, it suggests that Macon County's affidavit did not refute the actual facts pled in the plaintiff's complaint. On that we can agree. Accordingly, Macon County did not satisfy its burden to establish an affirmative matter that defeated the plaintiff's claim.

¶ 41    Finally, the dissent repeatedly claims that the majority "supplies" two "factual issues" not presented on appeal. Specifically, the dissent claims that the issue of constructive notice and the issue of whether the flashing light on the stop sign was working were not issues argued on appeal. The dissent's assertions are both incredible and concerning because the issues were clearly addressed in the briefs on appeal. In the appellant's brief, the plaintiff claimed that Macon County's affidavit did not establish an affirmative matter and that an affidavit may not be used to simply refute allegations of negligence and notice. In the appellee's brief, Macon County argued that there was "no evidence of actual or constructive notice" of an issue with the flashing beacon system or the stop ahead signs" and no evidence that the flashing light was not operational at the time of the accident. The arguments were presented to the trial court, and they were raised on appeal.

¶ 42    The majority and the dissent interpret the same record differently. The majority's approach reflects an objective analysis of the issues and arguments presented in this appeal after a thorough review of the record.

¶ 43    In sum, Macon County chose to file its motion to dismiss pursuant to section 2-619(a)(9). Therefore, Macon County assumed the initial burden to establish some affirmative matter that barred the plaintiff's negligence claim under section 2-619(a)(9), and it failed to meet that burden. Macon County's own pleadings, including the Bird declaration and attached documents, established its duty of care to maintain the property under section 3-102 of the Tort Immunity Act. Macon County's pleadings and supporting documents do not assert an affirmative matter that would negate the plaintiff's negligence claim completely or refute crucial conclusions of law or fact.

¶ 44                                III. CONCLUSION

¶ 45    After thoroughly reviewing the record—accepting as true all well-pleaded facts in the plaintiff's complaint and all reasonable inferences therefrom and construing the pleadings and supporting documents in a light most favorable to the nonmoving party—we find that Macon County failed to meet its initial burden to show that it was entitled to immunity under the Tort Immunity Act. For the reasons stated, the trial court's order granting Macon County's motion to dismiss count I of the plaintiff's complaint with prejudice under section 2-619(a)(9) of the Code is reversed and the cause is remanded for further proceedings.

¶ 46    Reversed and remanded.

¶ 47    JUSTICE VAUGHAN, dissenting:

¶ 48    I respectfully dissent from my colleague's decision. The majority's decision fails to address the arguments that were presented in this appeal and instead addresses issues that were neither raised nor argued by the parties. Further, the majority presents issues of fact that would allegedly preclude summary judgment that were not raised by plaintiff; however, even if properly raised by plaintiff, the issues were resolved by the evidence submitted, and relied on, by both parties.

¶ 49    Because the majority strays from the issues presented in this appeal, I first address the actual errors contended by plaintiff. Plaintiff's brief stated that the

          "trial court erred as a matter of law in dismissing Plaintiff's complaint with

          prejudice because Plaintiff's complaint was well-pled, because Defendant could not use an

          affidavit to attack Plaintiff's allegations, and because Plaintiff relied on a counter affidavit

          showing the possibility of relief under the pled cause of action."

Plaintiff also presented one issue of fact that he claimed would preclude summary judgment.

¶ 50　　Plaintiff's first issue contended that his complaint was well-pled. The majority addresses this argument and ultimately finds that while the complaint was not a "model pleading" it was "sufficient to state a cause of action." While I find the majority's classification generous, at best, in reality the argument is irrelevant because the legal sufficiency of the complaint is admitted. See *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Therefore, this is a non-issue.

¶ 51　　The second issue raised by plaintiff on appeal argued that Macon County was precluded from relying on an affidavit that negated allegations set forth in the complaint. In support, plaintiff cited *In re Estate of Kirk*, 2017 IL App (4th) 160416, *Smith v. Waukegan Park District*, 231 Ill. 2d 111 (2008), *O'Connell v. County of Cook*, 2022 IL 127527, and *Reynold v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, all of which prohibited a party from using an affidavit to negate issues of fact arising from the complaint. While I do not dispute the conclusions reached in plaintiff's cited cases, Macon County's affidavit did not negate the facts alleged in plaintiff's complaint.

¶ 52　　As noted by the majority, a portion of Macon County's affidavit admitted that Macon County had a duty to maintain the flashing lights on the stop sign. Indubitably, such allegation does not negate plaintiff's claim that defendant had a duty to maintain the flashing lights on the stop sign and instead admits it. As such, plaintiff's argument as to this portion of the affidavit must fail.

¶ 53　　The second portion of Macon County's affidavit contended that Macon County was not the owner of the "stop ahead" sign, the stop sign, or the intersection. The affidavit further alleged that Macon County did not place any of the signage on the highway. The majority finds that this portion of the affidavit "does not provide a basis for the dismissal of the plaintiff's claim under

22

section 2-619(a)(9)" because it is not an "affirmative matter." Critically, the majority fails to address the argument presented by Macon County with regard to this evidence.

¶ 54    "Immunity from suit under the Tort Immunity Act is an 'affirmative matter' properly raised under section 2-619(a)(9)." *Van Meter*, 207 Ill. 2d at 377 (citing *Bubb v. Springfield School District 186*, 167 Ill. 2d 372, 378 (1995)). "The 'affirmative matter' asserted by the defendant must be apparent on the face of the complaint; otherwise, the motion must be supported by affidavits or certain other evidentiary materials." *Van Meter*, 207 Ill. 2d at 377. "The phrase 'affirmative matter' refers to a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 16 (citing *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999)).

¶ 55    Macon County's argument was based on section 2-105 of the Tort Immunity Act (745 ILCS 10/2-105 (West 2022)) which states that "[a] local public entity is not liable for injury caused by its failure to make an inspection, or by reason of making an inadequate or negligent inspection, or any property, *other than its own*, ***." (Emphasis added.) Plaintiff failed to allege that Macon County owned any of the alleged obstructions. Therefore, Macon County's affidavit, that affirmatively stated that it did not own any of the signage could not negate a fact that was never alleged. Similarly, plaintiff never alleged that Macon County placed the signage forewarning of the upcoming stop or any other signs that obstructed the stop sign. As such, the affidavit was an absolute defense to plaintiff's claim that Macon County was remiss in failing to maintain the eastbound approach to U.S. Highway 51 because the approach "was inadequately signed to warn [travelers] of the upcoming stop sign at the intersection" and that "other signs obstruct[ed] a stop sign located at the intersection" because it did not own or place on the highway.

23

¶ 56 The majority's claim that "plaintiff did not allege that Macon County owned the stop sign at issue or that Macon County was responsible for the placement and installation of the stop sign at issue," and therefore the affidavit was irrelevant completely ignores the import of Macon County's section 2-105 affirmative defense. It is exactly due to the fact that plaintiff *did not* make those allegations that Macon County's affidavit could not negate the alleged facts. Instead, the affidavit supported the affirmative defense that precluded liability based on a lack of ownership. The majority also fails to explain why Macon County would have liability for the alleged negligent placement of signage that allegedly impeded the driver's view if the entity did not place any signs on the road. As such, I wholeheartedly disagree with the majority's finding that the affidavit did "not provide a basis for the dismissal of plaintiff's claim under section 2-619(a)(9)" and would find the opposite.

¶ 57 Plaintiff's argument contended that Macon County's affidavit was precluded because affidavits could not be used to negate facts alleged by plaintiff. However, Macon County's affidavit actually supported one of plaintiff's claims and the other denied liability based on a lack of allegations pursuant to section 2-105. Therefore, I would find that plaintiff's reliance on *In re Estate of Kirk*, 2017 IL App (4th) 160416, *Smith*, 231 Ill. 2d 111 (2008), *O'Connell*, 2022 IL 127527, and *Reynolds*, 2013 IL App (4th) 120139, was misplaced. The argument has no merit because Macon County's affidavit could not negate facts that were never alleged by plaintiff.

¶ 58 Plaintiff's third argument on appeal contended that his counter affidavit showed the possibility of relief under the pled cause of action. More specifically, he contended that a factual issue existed that precluded dismissal. He stated that the factual issue was whether Macon County or IDOT was required to maintain the intersection. In response, Macon County argued that the counter affidavit was based on hearsay and therefore was inadmissible.

24

¶ 59 It is undeniable that the counter affidavit by plaintiff's attorney was uncompelling. An Illinois Supreme Court Rule 191(a) affidavit is required for dismissals under section 2-619 of the Code, if the grounds are not apparent based on the face of the pleading. 735 ILCS 5/2-619 (West 2022); Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). The Rule 191(a) affidavit must include the facts upon which the affiant relied and may not rely on mere conclusions. *Landeros v. Equity Property and Development*, 321 Ill. App. 3d 57, 63 (2001). "The affidavit is actually a substitute for testimony taken in open court and should meet the same requisites as competent testimony." *Harris Bank Hinsdale v. Caliendo*, 235 Ill. App. 3d 1013, 1025 (1992).

¶ 60 Here, plaintiff's affidavit addressed an email from an IDOT employee to plaintiff's attorney, which stated "that the intersection at issue in the above-captioned matter is under the maintenance and responsibility of Macon County Highway Department." Macon County correctly classified the communication as hearsay. The only other "fact" produced by plaintiff in response to the motion to dismiss was a police report from the accident; however, "police reports are generally inadmissible hearsay." *People v. Long*, 316 Ill. App. 3d 919, 928 (2000) (citing *People v. Smith*, 141 Ill. 2d 40, 72 (1990)); see *Kociscak v. Kelly*, 2011 IL App (1st) 102811, ¶ 25. As such, plaintiff's affidavit did not meet the requirements of Rule 191(a). It was based on hearsay, no exception to the hearsay rule was pled or argued, and the witness listed could not competently attest to the information in the documents attached to the affidavit.

¶ 61 However, even if Rule 191 was not at issue, the email from IDOT did not create a factual issue as to whether Macon County or IDOT was the entity required to maintain the flashing lights on the stop sign. Plaintiff alleged that Macon County was the responsible party and Macon County admitted that it was. The IDOT email denied responsibility for maintenance of the sign and placed the responsibility on Macon County. Accordingly, no question of fact arises from the IDOT email

25

and therefore, it is my position that the trial court's dismissal of plaintiff's complaint, with prejudice, was proper.

¶ 62    Finally, I address the unpalatable portions of the majority's decision. First, it does not address the arguments presented on appeal. Further, the majority claims that the issue in this appeal is whether Macon County's affidavit was sufficient to dismiss plaintiff's complaint. However, that *argument was never raised by plaintiff*. The majority also supplies additional "factual issues" that it contends preclude dismissal of the complaint. As noted above, only one factual issue was presented by plaintiff.

¶ 63    "A section 2-619 dismissal resembles the grant of a motion for summary judgment[,] [therefore, on appeal] we must [also] determine whether a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether the dismissal was proper as a matter of law. *Shirley v. Harmon*, 405 Ill. App. 3d 86, 90 (2010). Although the majority claims three issues of fact preclude dismissal, the plaintiff only claimed one issue on appeal. That issue was whether IDOT or Macon County was responsible for the flashing beacons and that issue was resolved when Macon County admitted responsibility.

¶ 64    The majority adds two additional factual issues. The first issue raised by the majority was "whether Macon County had constructive notice of the alleged dangerous condition of the property." Notably, while plaintiff raised this issue before the trial court, it was not raised on appeal and therefore was forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited ***.").

¶ 65    Plaintiff's complaint on the issue of notice alleged, "Defendant Macon County had actual or constructive notice of the conditions mentioned herein with reasonably adequate time prior to Plaintiff's injury to have taken measures to remedy or protect against such conditions but failed to

do so." Clearly, this "allegation" is a legal conclusion as it contains no factual information to support the conclusion. Regardless, this "revived" factual issue was actually resolved by Exhibit B attached to plaintiff's counter affidavit. Exhibit B was a police report that stated that the officer contacted IDOT while he was at the scene and the agency advised the officer that the sign was inspected every Friday and was functioning on the last inspection date of October 12, 2020. That information reveals that the sign was on a weekly inspection rotation and was inspected prior to and on the same date as the accident.

¶ 66      Section 3-102 of the Tort Immunity Act (745 ILCS 10/3-102(b) (West 2022)) states,

"A public entity does not have constructive notice of a condition of its property that is not reasonably safe within the meaning of Section 3-102(a) if it establishes either:

(1) The existence of the condition and its character of not being reasonably safe would not have been discovered by an inspection system that was reasonably adequate considering the practicability and cost of inspection weighed against the likelihood and magnitude of the potential danger to which failure to inspect would give rise to inform the public entity whether the property was safe for the use or uses for which the public entity used or intended others to use the public property and for uses that the public entity actually knew others were making of the public property or adjacent property; or

(2) The public entity maintained and operated such an inspection system with due care and did not discover the condition."

Here, plaintiff's own evidence precludes a finding of constructive notice. As such, the majority first claim of a factual issue precluding summary judgment fails.

¶ 67 The majority's second claim of a factual issue not claimed by the plaintiff, was whether the flashing beacon on the stop sign was working at the time of the accident. However, this is not even a relevant factual issue. Even if the lights were not functioning at the time of the accident, which is an inference afforded to plaintiff, plaintiff's own evidence revealed that the flashing beacons were not working immediately after the accident. The evidence also revealed that the flashing beacon was inspected on the same day of the accident pursuant to the weekly Friday inspection. Therefore, again, even if the flashing beacons were not working, plaintiff's own evidence precludes liability. See 745 ILCS 10/3-102(b) (West 2022).

¶ 68 This leaves only the issue of whether dismissal was proper as a matter of law. The majority contends that Macon County's affidavit—which supplied the factual information regarding the intersection—was insufficient as a matter of law. I cannot agree with the conclusion, nor can I condone the majority's failure to address the issues as framed by the appellant. The majority claims the trial court "bypassed" the procedural rules for a section 2-619(a)(9) motion and effectively transformed the section 2-619(a)(9) motion into a motion to dismiss for failure to plead sufficient facts to state a cause of action. The majority then writes a decision as if it were the trial court, despite the fact that the major issues addressed in the majority decision were either never presented, or only vaguely presented, by the plaintiff. While Macon County addressed the vaguely presented arguments, it was never given any opportunity to present argument on the issues addressed in the majority decision that were not raised by the appellant.

¶ 69 When new issues are first raised on appeal, they are subject to forfeiture. *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 15 ("Generally, arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal."). While forfeiture is a limitation on the parties and not the reviewing court, overlooking forfeiture should only occur to obtain a just result

or maintain a sound and uniform body of precedent. *Village of New Athens v. Smith*, 2021 IL App (5th) 200257, ¶ 22.

¶ 70    Here, the action is unjustified especially when, (1) neither party presented argument on appeal for the issues addressed by the majority, (2) the record is devoid of argument on the issue before the trial court, (3) sound, uniform precedent exists on the issue of affirmative defenses raised under the Tort Immunity Act (see *i.e.*, *Van Meter*, 207 Ill. 2d 359, 366-78 (2003); *Prough v. Madison County*, 2013 IL App (5th) 110146, ¶¶ 19-33; *People ex rel. Birkett v. City of Chicago*, 325 Ill. App. 3d 196, 200-06 (2001); *Monson v. City of Danville*, 2018 IL 122486, ¶¶ 14-39), and (4) no novel argument was presented to supplant the previously issued decisions. While it is undisputed that new issues raised for the first time on appeal may be considered, consideration is only allowed if the issue is one of law, was fully briefed and argued by the parties, and public interest favors consideration of the issue. See *Forest Preserve District v. First National Bank of Franklin Park*, 2011 IL 110759, ¶ 28 (citing *Unzicker v. Kraft Food Ingredients Corp.*, 203 Ill. 2d 64, 73 (2002)). None of those criteria are met and therefore, it is my belief that the majority goes well beyond the scope of this appeal by considering issues that were never presented to either the trial court or this court especially when such action deprived Macon County of the ability to present its position on those issues.

¶ 71    As shown above, Plaintiff never alleged that Macon County owned the alleged obstructive signs on the highway. Macon County's affidavit affirmatively stated that it did not own any of the obstructions claimed by plaintiff. It then argued that because there was no ownership, liability was precluded pursuant to section 2-105 of the Tort Immunity Act which precludes liability for a failure to inspect, or inadequate or negligent inspection of property which the entity does not own. The affidavit also affirmatively stated that it did not place any of the obstructive signs on the highway.

29

The plaintiff provides no information to the contrary. The majority finds this portion of the affidavit irrelevant and completely ignores Macon County's argument pursuant to section 2-105 that removed liability under the Tort Immunity Act for everything but maintenance of the flashing beacons.

¶ 72     The second portion of Macon County's affidavit admitted that it was responsible for maintenance of the flashing lights on the stop sign. The affidavit further stated that it regularly maintained the flashing beacon system and had no record of any maintenance or repair requests that suggested the beacons were not operational at the time of the accident. While the majority found this insufficient to defeat plaintiff's legal conclusion related to notice under section 3-102(a) of the Tort Immunity Act, because it did not provide log books related to maintenance or inspection, the majority ignores Exhibit B of plaintiff's counter affidavit that revealed the flashing beacons on that stop sign were inspected every Friday, were inspected on the same day of the accident, and were functioning properly at the time of the inspection. This evidence revealed that Macon County "maintained and operated such an inspection system with due care and did not discover the condition" (see 745 ILCS 10/3-102(b) (West 2022)) which statutorily rebutted constructive notice.

¶ 73     Therefore, based on the arguments presented here and before the trial court, I would hold that Macon County's affidavit in support of its section 2-619(a)(9) dismissal motion was proper in that it did not negate plaintiff's fact, and that plaintiff's counter-affidavit did not create any factual issues that precluded summary judgment and instead supported dismissal of the complaint. Accordingly, I would affirm the trial court's dismissal of count I of plaintiff's complaint.

¶ 74     For the foregoing reasons, I dissent.